CASE No. 951.

SULLIVAN v. SPEIGHTS.

1. This court cannot entertain a motion for a rehearing of a case decided by it, after the *remittitur* has been properly sent to the court below.
2. There being a vacancy in the Supreme Court, the two remaining justices constitute the court, under the terms of Article IV., Section 2, of the constitution, and are competent to discharge all of its functions.

This was a motion for a rehearing of the points decided in *Sullivan* v. *Speights*, 12 *S. C.* 561. The case is fully stated in the opinion.

*Mr. J. C. C. Featherston*, for the motion.

December 9th, 1880. The opinion of the court was delivered by

SIMPSON, C. J. At the November Term of this court, 1879, the appeal of Hewlett Sullivan, appellant, *v.* A. M. Speights, W. T. Shumate et al., respondents, after full hearing by the court, was dismissed, upon the ground that the exceptions of the appellant had not been served on the presiding judge within the time limited by the statute on that subject. The *remittitur* in the case was sent to the court below on January 6th, 1880, in accordance with the rules of this court, and filed by the clerk of the court below on the 10th of the same month. On April 16th

thereafter the appellant gave notice that he "would move the Supreme Court for a new hearing" of said case on the grounds—

1. That the court which dismissed the appeal was not a constitutional court, there being but two judges in the Supreme Court at the time.

2. That the Circuit judge regarded the service of the exceptions as sufficient and went on and settled the facts, and that the respondents should not have been allowed to object for him.

3. That the appellant has discovered that he had written acceptance of notice and grounds of appeal within the ten days by the clerk of the Circuit Court, and that this was sufficient notice to the judge of the Circuit Court.

In accordance with this notice the petition has been presented here and is now for consideration.

This court, under the constitution, is a court for the correction of errors of law in cases at law, with appellate jurisdiction in cases of chancery. It has also original jurisdiction in certain cases, and it is authorized to hear motions with reference to cases already on its docket, brought there according to the rules prescribed in appeal cases. If the motion can be heard then, it must come before the court through one of these channels; it cannot be heard as an independent motion.

It does not claim to come by appeal to have an error either of law or fact below corrected, nor is it made in a motion within the original jurisdiction of the court.

Is it a motion with reference to a case on the docket of this court?

According to the facts stated, the case to which it refers was heard and determined at the November Term, 1879, about one year since. Under the rules of this court, when a case is heard here and determined, the *remittitur* to the court below is not sent down immediately, but it is retained in every case for ten days, unless the court directs otherwise. And on application, showing sufficient cause, either of the justices, at chambers, may direct by order that it be further retained until the third day of the next session. The object of this is to reserve jurisdiction over the case, so that, should either of the parties desire to make any

motion in reference thereto they might have the opportunity to do so and the court the power to hear it. After the *remittitur*, however, is sent down, the case passes beyond the reach of this court and its jurisdiction is lost, and no motion can be heard by this court on the matter thereafter.

Now it appears that the *remittitur* in this case, as has been already stated, after being retained for ten days under the rules by the clerk of this court, was sent down on January 6th, 1880, and was then filed in the office of the clerk of the court below on the 10th of the same month.

Such being the fact, if there was nothing else in this petition but the two last grounds upon which it is based, it would be dismissed at once as beyond our reach. The petition, however, states that the court, when it heard and determined the motion to dismiss the appeal in the case of Sullivan, appellant, *v.* Speights, W. T. Shumate et al., respondents, was composed of but two justices—Associate Justice Haskell having resigned and no one having been elected to fill the vacancy. And it is contended that this was not a constitutional court, and therefore its judgment dismissing the appeal was void. If this proposition of the petitioner can be sustained, then the case of Sullivan *v.* Speights, W. T. Shumate et al., is still, or ought to be, on the docket of this court, and this petition would be proper.

The question, then, in the case is, was the court which dismissed the appeal a constitutional court?

Article IV., Section 2, of the constitution provides that the Supreme Court shall consist of a chief justice and two associate justices, two of whom shall constitute a quorum.

Now, it is manifest, from the provision in this section in reference to a quorum, that the framers of the constitution contemplated the possibility of but two of the justices of the court being present at some time or other, and this provision was adopted to meet that contingency. The fact of but two of the justices being able to be present may result from but two causes : *First*, a vacancy by death, resignation or otherwise of one ; and, *Second*, by the absence of one. Can the section referred to, by any rule of construction, be confined and limited in its applica-

tion to but one of these contingencies? If so, to which one? It is evident that the framers of the constitution intended that in some contingency the presence of two of the justices was sufficient for a quorum. This they have expressly declared; and inasmuch as there are but two causes, vacancy and absence, which could produce a state of facts where but two of the justices could be present, is there any reason for the conclusion that they intended to provide for the one and not the other? The question involved is one of intention on their part. And is it not much more reasonable to suppose that they intended to provide for both contingencies rather than to leave one unprovided for?

The evil which was to be met by this provision of the constitution was the delay which the framers knew might sometimes take place in the business of the court, if the entire court had always to be present to discharge its functions; and to prevent this delay the constitution invested two of the justices, when present, with all of the powers of the court, declaring, in express terms, that they should constitute a quorum. It is hardly necessary to go into an investigation of the powers of a quorum; this is well understood and needs no elaboration.

Now, it is one of the rules of construction, in endeavoring to reach the true intent and meaning of a remedial act, so to construe it as to suppress, as far as possible, the evil and to enlarge the remedy. This applies to the constitution as well as to acts of legislation. Applying this rule to the section of the constitution under consideration, can it be confined to but one of the two causes resulting in the presence of but two justices at any session of this court? This would be narrow, contracted and unreasonable, and would violate the rule itself.

Article II., Section 4, of the constitution provides that the house of representatives shall consist of one hundred and twenty-four members, and that a majority shall constitute a quorum. Has it ever been suggested that if one or more of the whole number of that body should die or resign, that this would divest the majority of the powers of a quorum? And yet if the principle contended for here be sound, such would be the result in reference to the house of representatives and all other bodies where a quorum is provided for in a number less than the whole.

The opinion of the court is, that the constitution, in the section referred to, has invested any two of the justices with full power to discharge all of the functions of this court.

The motion is, therefore, dismissed.

McIVER and McGOWAN, A. J.'s, concurred.